Filed 3/25/16  P. v. Clay D. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLAY D.,<br><br>    Defendant and Appellant. | A146360<br><br>(Contra Costa County<br>Super. Ct. No. J0500819) |

Appellant, Clay D., a minor and dependent child of the juvenile court, admitted a violation of Penal Code section 32, accessory to a crime.  This is an appeal from the juvenile court's order declaring wardship and ordering probation terms, including placement in a court-approved home or institution.  Appellant's court-appointed counsel has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues for review.  Appellant has also been informed of his right to file supplemental briefing, and he has not done so.  After our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

We rely on the Alameda County Probation Intake Report for the description of the underlying facts because this matter was resolved without the taking of testimony or trial.

Appellant was arrested by the Berkeley Police Department on May 3, 2015.  A victim reported that he was walking with his friend when they were approached by two male juveniles, one of whom said, "empty your pockets, or we are going to shoot."  The

victim and his friend brushed off the comments; the friend informed the suspect that he didn't have anything. According to the victim, one of the suspects motioned to his waistband as if he had a gun. The victim and his friend went into a liquor store, and were followed by four suspects, and told the store owner about the attempted robbery and threats. One of the suspects hit the victim on the back of the head. The police were called. Officers who were circulating in the area were flagged down by bystanders who indicated that a group of males had been seen running through backyards. Four males were detained about six blocks away; they were sweating profusely and covered in loose debris. The victim identified appellant and another male as being involved in the attempted robbery.

A juvenile wardship petition was filed on May 13, 2015, alleging two felony counts of attempted robbery (Pen. Code, §§ 664/211). Defendant was eligible for deferred entry of judgment. However, he failed to appear in Alameda County on June 25, 2015, and a bench warrant was issued. It was reported to the court on June 25 that although transportation had been arranged for appellant from his group home, he had "AWOL'd" from the group home.

On July 20, 2015, appellant appeared in juvenile court in Alameda County. Counsel was appointed for him and he was advised of the charges against him. Appellant was ordered detained, and the outstanding bench warrant was recalled. Appellant's counsel asked for more time to speak to appellant about an offer that had apparently been conveyed for disposition of the matter.

A pretrial conference was held on July 23, 2015. Appellant's counsel stated that she and appellant "had a very lengthy talk last night," and appellant was prepared to accept the offer to admit to an amended count 1 of the petition, a violation of Penal Code section 32 as a misdemeanor, with the understanding that the matter would be transferred to Contra Costa County for disposition since appellant lived in that county.

The juvenile court advised appellant of the constitutional rights he was waiving, and made sure he understood those rights. The juvenile court also advised appellant of the consequences of his admission, and determined that appellant understood them. The

2

juvenile court accepted appellant's admission to amended count 1 of the petition, that he was an accessory to an attempted robbery, a misdemeanor. The admission was made with his counsel's consent. The court found there was a factual basis for the admission.

Count 2 of the petition was dismissed as part of the plea. The court transferred the matter to Contra Costa County for disposition based on appellant's long-term dependency there pursuant to Welfare and Institutions Code section 300.[1]

In Contra Costa County, proceedings were held to determine whether appellant's case should be handled pursuant to section 300 (juvenile dependency) or pursuant to section 602 (ward of the court). The court ordered that a joint assessment report be prepared pursuant to section 241.1 to determine how appellant would be best served. Appellant was then 17 years old and a senior in high school. The report contained an extensive discussion of appellant's history, including that he had been removed from his mother's home when he was seven; he was in a guardianship home for eight years until February 2014, when the guardianship terminated; and that he had then been placed in three foster homes and six group homes. Appellant's adjustment to his latter placements was "poor" and he was "mostly defiant, disrespectful, and failed to follow established rules and directions," and "eventually ran away from every group home in which he had been placed." His most recent foster parent described him as "out of control" and stated that he would leave the house for days at a time without her permission. Appellant's parents were both deceased.

The probation officer and appellant's social worker conferred and agreed to recommend that appellant's dependency status should be vacated, and he should be adjudged a ward of the court pursuant to section 602. This recommendation to the court was based on the gravity of the offense, appellant's poor adjustment in various placements, his history of running away from non-secure placements, his subpar academic performance, his inclination to associate with peers who were criminally inclined, possible mental health issues, and chronic marijuana use.

---

[1] All further statutory references are to the Welfare and Institutions Code.

3

The court held further hearings on August 12 and August 19, 2015, for disposition and section 241 status reports. Appellant was represented by counsel. The court read and considered the probation department reports. The matter was continued to September 2.

At the dispositional hearing on September 2, 2015, appellant was represented by two attorneys: his dependency counsel, and his attorney on the 602 petition. The court considered the arguments of all counsel as to whether the case should proceed as a wardship or dependency. The court read and considered all of the materials submitted by the probation department, including a report describing appellant's outbursts and misconduct at juvenile hall since his last court appearance. Appellant was given the opportunity to address the court; he read aloud a letter he had written to the judge.

The court gave a detailed statement of reasons before ordering appellant's dependency status vacated and adjudging him a ward of the court. The court ordered that appellant be placed in a court-approved home or institution, and detained in juvenile hall pending delivery to placement. The court explained its reasons for this decision. After hearing argument from counsel on the proposed probation terms, the court imposed terms of probation.[2] Appellant was given credit for 55 days custody already served.

## DISCUSSION

We have reviewed the record on appeal in its entirety and conclude that there are no meritorious issues to be argued.

Appellant was at all times effectively represented by counsel, who protected his rights and interests.

---

[2] On October 8, 2015, the court modified appellant's probation terms to delete language from the search and seizure condition that would have subjected "[a]ny cell phone or any other electronic device in their possession" to warrantless search. The court also modified the same probation term to eliminate the requirement that appellant submit his "access codes." Appellant's counsel had objected to the probation condition regarding "the access codes for cell phone" at the September 2 hearing.

Appellant was advised of his constitutional rights and knowingly waived them. Appellant was advised of the consequences of his admission, and made it with his counsel's consent. There was a factual basis for his admission.

The juvenile court did not abuse its discretion in terminating appellant's dependency and adjudging appellant a ward of the court.

We see no error in the disposition, the placement, or the calculation of custody credits.

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.

## DISPOSITION

The judgment is affirmed.

 

 

 

_____
Miller, J.

We concur:

_____
Kline, P.J.

_____
Richman, J.